UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 16-cr-40008-TSH |
|  | VIOLATIONS: |
|  | Counts 1-3 - |
| v. | 18 U.S.C. §2251(a); |
|  | Sexual Exploitation of a Child |
| MATTHEW R. CLEM, |  |
|  | 18 U.S.C. §2253; |
| Defendant. | Forfeiture Allegation |

## SUPERSEDING INFORMATION

**COUNT ONE:**     **18 U.S.C. §2251(a) – Sexual Exploitation of a Child**

The United States Attorney charges that:

In or about October 2014, in the District of Massachusetts, and elsewhere,

MATTHEW R. CLEM,

defendant herein, did knowingly employ, use, persuade, induce, entice, and coerce, a minor, Juvenile Victim #1, to engage in sexually explicit conduct for the purpose of producing any visual depictions of such conduct wherein (1) such visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer; and (2) such visual depictions were actually transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 2251(a).

**COUNT TWO:** 18 U.S.C. §2251(a) – Sexual Exploitation of a Child

The United States Attorney charges that:

Beginning in or about September 2011 and continuing through in or about May 2012, in the District of Massachusetts, and elsewhere,

MATTHEW R. CLEM,

defendant herein, did knowingly employ, use, persuade, induce, entice, and coerce, a minor, Juvenile Victim #3, to engage in sexually explicit conduct for the purpose of producing any visual depictions of such conduct and transmitting live visual depictions of such conduct, wherein: (1) such visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer; and (2) such visual depictions were actually transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 2251(a).

## COUNT THREE: 18 U.S.C. §2251(a) – Sexual Exploitation of a Child

The United States Attorney charges that:

On or about April 7, 2014, April 11, 2014, April 13, 2014, May 6, 2014 and October 5, 2014, in the District of Massachusetts, and elsewhere,

MATTHEW R. CLEM,

defendant herein, did knowingly employ, use, persuade, induce, entice, and coerce, a minor, Juvenile Victim #5, to engage in sexually explicit conduct for the purpose of producing any visual depictions of such conduct wherein: (1) such visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer; and (2) such visual depictions were actually transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 2251(a).

## FORFEITURE ALLEGATION
## (18 U.S.C. §2253)

The United States Attorney further charges that:

1.  The allegations contained in Counts One through Three of this Information are hereby re-alleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. §2253.

2.  Upon conviction of the offenses set forth in Counts One through Three of this Information,

MATTHEW CLEM,

defendant herein, shall forfeit to the United States, pursuant to 18 U.S.C. §2253, any visual depiction described in sections 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18; and/or any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and/or any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property. The property to be forfeited includes, but is not limited to, items seized by law enforcement on March 13, 2015, from the defendant's residence in North Brookfield, Massachusetts.

3.  If any of the property described in Paragraph 2 above, as a result of any act or omission of the defendant --

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

4

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

it is the intention of the United States, pursuant to 18 U.S.C. §2253(b), incorporating 21 U.S.C. §853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 2 above.

All pursuant to Title 18, United States Code, Section 2253.

Respectfully submitted,

CARMEN M. ORTIZ
UNITED STATES ATTORNEY

By: */s/ Mark J. Grady*
Mark J. Grady
Assistant United States Attorney

Date: April 12, 2016