June 22, 2016

Mr. Ben Miller
U.S. Probation Officer
595 Main Street
Worcester, MA 01608

**Re:** **U.S. v. Matthew Clem**
**Dkt. No. 0101 4:16CR40008-1**
**<u>Objections to Presentence Investigation Report</u>**

Dear Mr. Miller:

We have had an opportunity to review the Presentence Investigation Report (PSR) dated June 8, 2016. We wish to file the following objections thereto.

<u>Objection #1</u>. We object to the inclusion of any and all referenced relevant conduct in both **The Offense Conduct** and **Offense Level Computation** sections of **PART A. THE OFFENSE** and respectfully request that it be fully removed from the PSR.

Our reasons follow:

- All such information is prejudicial to the defendant in that, as we shall show in <u>Objection #2</u>, below, it does not meet a preponderance of the evidence standard and does not constitute a "sufficient indicia of reliability" as required in U.S.S.G. § 6A1.3, p.s. for resolution of disputed factors.

- The defendant submits that in light of the harshly punitive character of the Child Pornography guidelines, it is fundamentally offensive to nearly any reasonable notion of justice that the advisory guideline range (AGR) may be increased from a finite range to life (which, by the way, in the Federal system literally means life in custody) based on a preponderance of the evidence standard. However one construes it, such a sentence would be cruel and lacking in any measure of mercy.

Accordingly, the defendant requests that ¶¶ 58 to 84, inclusive, and ¶¶ 114 to 168, inclusive, be removed from the PSR. We request that ¶ 175 reflect a reduction from 5 to 3 (which would reflect the multiple count adjustment for the three counts of conviction). We request that ¶ 176 be removed for reasons to be addressed in <u>Objection #3</u>, below, all of which would result in a total offense level (TOL), after credit for acceptance of responsibility (A/R), of 38 which should also be inserted in ¶ 214, with the AGR becoming in the same paragraph 235 to 293 months.

<u>Objection #2</u>. In the event that the Court overrules <u>Objection #1</u>, we would alternatively advance the following objection. We respectfully request that all referenced relevant conduct in **The Offense Conduct** be removed therefrom and inserted as a new section entitled, **Offense Behavior not Part of Relevant Conduct** following current ¶ 186; and, that all relevant conduct calculations be removed from **The Offense Level Computation** section of the PSR.

In advancing this objection, we are mindful of the provisions of 18 U.S.C. § 3661 and U.S.S.G. § 1B1.4 that no limit is to be placed on the information that the Court can consider for sentencing purposes. What we assert, however, is that, even if permitted to be included in the PSR, it should not be included in the offense level computations because it fails to meet either a preponderance of the evidence or sufficient indicia of reliability standard. We say this on the following grounds:

- Careful reading of the PSR reveals that none of the relevant conduct victims has ever been identified or (presumably) interviewed by the government. (PSR, ¶ 61). While the PSR reflects the contents from the chat talks of the contacts, the government has not obtained corroborative evidence of it to meet the preponderance standard.

- Moreover, in failing to follow up with the relevant conduct victims, the government has failed to establish that any of them were minors. There are representations in some of the chat talks that they were minors, but it is not uncommon in such a setting that everyone is lying about everything.

- Unlike the Information victims, the defendant did not physically meet most of the relevant conduct victims, a fact which distinguishes the latter class from the former.

In sum, the defendant contends that while the information concerning the relevant conduct victims may be properly included in the report, it nonetheless does not meet either a preponderance of the evidence or sufficient indicia of reliability standard and therefore should be removed from the Guideline computation. Again, its inclusion would have the impact of enhancing the defendant's AGR from a finite range to life. If granted, the same changes to the PSR as those recounted in <u>Objection #1</u> would obtain here as well.

<u>Objection #3</u>. We object to the inclusion in the Guideline computation of the Chapter Four enhancement under U.S.S.G. § 4B1.5(b)(1) in ¶ 176. Our grounds follow:

- U.S.S.G. § 4B1.5 is one of a class of Guideline sentencing enhancements found in Part B of Chapter Four of the Guidelines. Together with the Criminal Livelihood enhancement found at U.S.S.G. § 4B1.3, the option under § 4B1.5(b) is, for want of a better term, an "outlier enhancement," they being the only two which do not require a prior conviction or convictions for it to be applied at sentencing;[1] all the others (*i.e.*, Career Offender at § 4B1.1; Armed Career Criminal at § 4B1.4; Repeat and Dangerous Sex Offender Against Minors at § 4B1.5(a)) do. As the PSR reflects, the defendant has no prior public adjudication of such conduct.

- Directly to the point, however, the defendant told authorities that he had engaged in prohibited sexual conduct on more than one occasion with both JV-3 (PSR, ¶ 21) and JV-5 (PSR, ¶ 22). This, in and of itself and together with his contact with JV-1, constitutes a "pattern of activity of prohibited sexual conduct." As already mentioned, the prohibited sexual conduct with JV-1 resulted in an offense level of 38, as did the offense levels of both JV-3 and JV-5, respectively; applying the multiple count rules of U.S.S.G. § 3D1.4,

---

[1] It is, for all practical purposes, the only one because the Criminal Livelihood enhancement is almost never found.

the combined offense level would be increased to 41 (before application of A/R). An offense level of 38[2] results in an AGR of 235 to 293 months, while an offense level of 41 results in an AGR of 324 to 405 months, a very substantial difference (37.8%, low end to low end) by any measure. The point is that implicit in the operation of the Guidelines for the three counts of conviction is a pattern of activity involving prohibited sexual conduct. Moreover, application of the Guidelines for the three counts of conviction reflects this in a very real and substantial way in the determination of the AGR. Therefore, the application of the U.S.S.G. § 4B1.5(b) enhancement, requiring as it does only one instance of such a pattern and therewith a five-level increase, constitutes impermissible double-counting and should therefore be removed from the report.

Accordingly, the defendant respectfully requests that the U.S.S.G. § 4B1.5(b) enhancement in ¶ 176 be removed from the PSR and the other changes to the report as sought in Objection #1 be made.

Thank you for the opportunity to review the PSR.

Sincerely,

/s/ Geoffrey G. Nathan

Geoffrey G. Nathan
132 Boylston ST 5th FL
Boston MA 02116
617-472-5775

cc: Mark J. Grady, AUSA

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by hand on 6/21/16

---

[2] Combined with a criminal history category I.