## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 16-cr-40008-TSH |
| | ) | |
| Matthew Clem | ) | |

### Objection

The defendant objects to the recommended finding in the revised PSR that the AGR is 1,080 months, this being a self-corrected change by the probation officer from life which had been recommended in the initial PSR. The defendant avers that the probation officer has misread U.S.S.G. § 5G1.2, and that the AGR should instead be 360 months.

In the first instance, the defendant understands that the Court, if it so wished, could impose the maximum sentence on each count, *i.e.*, 30 years, and order them to run consecutively to each other to reach a sentence of 90 years, or 1,080 months. This is properly part of ¶ 213 of the PSR since it deals with the statutory provisions.

Secondly, it should be remembered that in calculating the AGR, all of the defendant's conduct, *i.e.*, both his offense conduct and relevant conduct, has been included. This has been recounted in great detail in ¶¶ 9 to 181 of the PSR. This is done in multiple count cases in order to reach what the Guidelines refer to as "the combined offense level." (U.S.S.G. § 3D1.1(a)(3)) In the instant case, the AGR is life, but it is trumped, if you will, by the statutory maximum sentence for each count of 30 years. The defendant contends that the probation officer has erroneously equated references to "total punishment" in U.S.S.G. § 5G1.2 with the maximum, consecutive *statutory* sentence rather than with the maximum *Guideline* sentence available on the Sentencing Table in

Chapter Five, Part A which, apart from life, is 360 months.1 For this reason, the defendant strongly believes that the AGR should be 30 years, or 360 months.

Thirdly, were the Court to agree with the 1,080 months recommended by the probation officer, the Court would be making a finding that does not exist in the world of the Federal Sentencing Guidelines but rather only in the statutory realm of the Federal Criminal Law.

Accordingly, the AGR in ¶ 214 of the PSR should be amended to 360 months.

THE DEFENDANT

By his Attorney,

/s/ Geoffrey G. Nathan, Esq.

Geoffrey G. Nathan
BBO #552110
132 Boylston Street – 5th Floor
Boston, MA 02116
**(617) 472-5775**

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail hand on 2/6/16

---

1 The defendant acknowledges that the highest is 405 months, if the total offense level is 41 and the criminal history category is I.